## Asenath J. Shaaber and Husband, Appts., *v.* Henry Johnston et al.

The fact that a will makes another disposition of property than had been agreed to in a family arrangement, or undertakes to dispose of property which the testator had no power to dispose of, will not prevent the will's being admitted to probate, where there is no evidence of undue influence or that the testator was of unsound mind.

(Argued February 29, 1888. Decided April 30, 1888.)

January Term, 1888, No. 171, E. D., before Gordon, Ch. J., Paxson, Sterrett, Green, and Clark, JJ. Appeal from a decree of the Orphans' Court of Berks County dismissing an appeal from a decision of the Register of Wills, admitting a written instrument to probate as the last will of Hannah Johnston, deceased, and refusing a precept for an issue of *devisavit vel non* to the Court of Common Pleas. Affirmed.

Mrs. Shaaber, the appellant, and the appellees are children of Hannah Johnston, deceased. Mrs. Johnston, at her death, left a duly executed testamentary writing, whereby she gave the bulk of her personal property, consisting of certain railroad bonds and stock, to her other daughters, to the exclusion of Mrs. Shaaber.

Mrs. Shaaber contested the probate of this instrument before the register, but he admitted it to probate; whereupon Mrs. Shaaber presented a petition to the orphans' court praying an appeal and for citations to the other children of decedent, and the register, to show cause why the probate should not be revoked.

This petition alleged that the register had erred on two grounds: (1) Because the will was executed in violation of a family arrangement, settlement, and compromise, that the petitioner should have an equal share of the estate of the decedent with her other children upon her death, whereby the decedent

was estopped from making the will; and (2) because the favored legatees procured the making of said will by undue influence, fraud, and imposition, and in violation of said family arrangement, settlement and compromise.

The appellees answered the petition, denying the said allegations.

The court heard the case upon the testimony taken before the register, and rendered the following opinion and decree, per SCHWARTZ, P. J.:

In my opinion, the register's findings were fully sustained by the testimony submitted. The same testimony is substantially before me. The testatrix is admitted to have been of sufficient mental capacity to make her will. Nor is it seriously contended that undue influence was made use of in the procurement of her will. In point of fact, the will was executed without any influence upon her by anyone. There is not a scintilla of evidence before me showing that her daughter Hannah E. Johnston, who lived with her, practised upon her, or in any way influenced her in her conduct in making the will or otherwise; nor is there any evidence that any other person or persons influenced her in that or any other direction.

It was further contended that she could not dispose of (by will) certain Lehigh Valley Railroad bonds, nor of certain Pennsylvania Railroad stock. Granting this to be so will not affect the validity of her will.

It has never been held under the laws of this commonwealth that a testator's will was nugatory and void because he devised and bequeathed property which did not belong to him. His will cannot give or grant higher or better rights to anything than he has himself.

If the testatrix did not have the power of disposing of said bonds and stocks, and if the same were given her under and by virtue of a contract under conditions, the question will have to be disposed of on distribution of the estate.

The appeal is dismissed, and the citation granted discharged at the costs of the appellant.

Mrs. Shaaber and husband thereupon took this appeal, assigning as error the action of the court: (1) In dismissing their appeal from the decision of the register of wills admitting to probate the paper writing purporting to be the last will and

testament of Hannah Johnston, deceased; (2) in refusing a precept for an issue *devisavit vel non* to the common pleas; and (3) in discharging the citations issued to show cause why the decision of the register admitting to probate the paper writing purporting to be the last will and testament of Hannah Johnston, deceased, should not be reversed, and why the probate of the alleged will and the letters granted thereon should not be revoked.

*Isaac Hiester* and *W. P. Bard,* for appellants.—The orphans' court was correct in holding that, viewing the stocks and bonds as not belonging to the decedent, the will might be valid as an instrument, but ineffective for want of an object; but it fell into error in holding that the decedent parted with her title to the stocks and bonds by virtue of her agreement to give the appellant an equal share of them upon her death. The decisions clearly hold that the legal effect of such an arrangement is to leave the decedent complete owner of the property, with full power of bona fide disposition during life. Jones v. Martin, 5 Ves. Jr. 266, note.

But the case at hand is one of fraudulent conduct on the part of the appellees. It is clear that the execution of an instrument intended to operate during the decedent's lifetime, in violation of the appellant's rights, would be a fraud against the appellant; and the fact that the development of the fraud was postponed until the testator's death, in order to its greater effectiveness, does not change its character. The fraud was in the execution of the conveyance, which was invalid *ab initio,* and the appellees, being concerned in the execution of the will, cannot have it probated as a valid instrument. Even if they did not actually procure its execution in actual fraud of the appellant, to permit them to profit by the results would be equivalent in its results, and would stamp the transaction as a legal fraud.

The will, then, being executed in fraud of the appellant, can only be avoided by objecting to its probate, because the decisions are uniform that, in cases of fraud concerning the execution of a will, a court of equity has no jurisdiction. Kerr, Fraud, p. 44; 1 Jarman, Wills, 27; Meluish v. Milton, 45 L. J. Ch. N. S. 836.

If it be argued that the fraud which must be objected to before probate is fraud practised upon the testator, and not fraud

in which the testator may have participated, it must be answered that no case can be found to sustain this distinction. See Broderick's Will, 21 Wall. 509, *sub nom.* Kieley v. McGlynn, 22 L. ed. 602.

No Pennsylvania case is exactly applicable to the state of facts here presented, and too much reliance cannot therefore be placed on the *dicta* of any of the decisions. They show, however, no intention to depart from the well-settled rule of recognizing mistakes on the part of the testator, as well as fraud, as proper objections to the validity of a will, or to so much of the will as is affected thereby. Baxter's Appeal, 1 Brewst. (Pa.) 460; Hegarty's Appeal, 75 Pa. 515. See also Broderick's Will, 21 Wall. 509, *sub nom.* Kieley v. McGlynn, 22 L. ed. 602.

Family settlements will be sustained on grounds less than would be required between strangers (Barton v. Wells, 5 Whart. 227; Walworth v. Abel, 52 Pa. 370; Shartel's Appeal, 64 Pa. 25; Bierer's Appeal, 92 Pa. 265); even though made by misconception (Lies v. Stub, 6 Watts, 48); they may be evidenced by the language or implied from the conduct of the party sought to be concluded. (Follmer's Appeal, 37 Pa. 124.)

*H. Willis Bland,* for appellees.—A man has a right, by fair argument and persuasion, to induce another to make a will, even in his own favor. Miller v. Miller, 3 Serg. & R. 267, 8 Am. Dec. 651; Leech v. Leech, 5 Clark (Pa.) 86; *Re* Hoge, 2 Brewst. (Pa.) 451; Tawney v. Long, 76 Pa. 106.

Undue influence, to set aside a will, must be such as destroys free agency. Browne v. Molliston, 3 Whart. 129; Zimmerman v. Zimmerman, 23 Pa. 375; Thompson v. Kyner, 65 Pa. 368; Leech v. Leech, 5 Clark (Pa.) 86; *Re* Hoge, 2 Brewst. (Pa.) 451, and Tawney v. Long, 76 Pa. 106.

The constraint which will avoid a will must be one operating upon the mind of the testator at the time of its execution. Wainwright's Appeal, 89 Pa. 220; *Re* Shaw, 11 Phila. 51; Stokes v. Miller, 10 W. N. C. 241; Christ's Estate, 1 Del. Co. Rep. 86.

Undue influence to affect a will must be such as subjugates the mind of the testator to the will of the person operating upon it, and in order to establish this, proof must be made of some fraud practised, some threats or misrepresentations made, some undue flattery, or some physical or moral coercion employed, so as to destroy the free agency of the testator; and these influences must

be proved to have operated at the very time of making the will. Stokes v. Miller, 10 W. N. C. 241.

That the testatrix resided in the family of the objects of her bounty is not even prima facie evidence of undue influence. Woods's Estate, 13 Phila. 236.

Of cases of undue influence, Justice PAXSON in Eddey's Appeal, 109 Pa. 419, 1 Atl. 425, speaking for the court said: "The true rule is, that such a case should not go to the jury at all when the court, in the exercise of a sound legal discretion, would not sustain the verdict."

PER CURIAM:

There being in this case neither evidence of the unsoundness of the testatrix's mind, nor that her will was procured by undue influence, the court below did well in dismissing the appeal.

Decree affirmed and appeal dismissed, at costs of appellants.